IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| MELISSA REDMAN,, ) | C/A 2:13-0177-DCN-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| AMEICAN'HOME PLACE, INC. and ) | |
| SHANNON DWINNELL, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action was originally filed by the Plaintiff in the South Carolina Court of Common Pleas, Ninth Judicial Circuit, asserting state law claims for wrongful and retaliatory termination in violation of the public policy of South Carolina, and intentional infliction of emotional distress. The Defendants thereafter removed this action to Federal Court on the basis of diversity jurisdiction, while also asserting that the named Defendant Shannon Dwinnell (a non-diverse Defendant) may be disregarded for purposes of establishing diversity jurisdiction under the doctrine of fraudulent joinder.

Plaintiff thereafter filed a timely motion to remand the case to state court, noting that 28 U.S.C. § 1441(b)(2) provides that a "civil action otherwise removable solely on the basis of the



1

jurisdiction under § 1332(a) [diversity] of this title may not be removed if any of the parties and interest properly joined and served as defendants is a citizen of the State in which such action is brought". Plaintiff asserts that because the Defendant Dwinnell, a properly joined and served Defendant, is a citizen of the State of South Carolina (the state in which the action was brought), Defendant's removal of this action to Federal Court was improper under § 1441(b)(2). Cf. PHH Mortgage Corp. v. Singletary, No. 2:12-2916, 2012 WL 6761336 (D.S.C. Dec. 7, 2012), adopted by and incorporated into, 2013 WL 30148 (D.S.C. Dec. 7, 2012). Plaintiff further argues that Defendants' claim of fraudulent joinder is without merit, as the Complaint clearly alleges fraudulent, deceitful and illegal conduct by the Defendants, including the Defendant Dwinnell.

The time for Defendants to respond to Plaintiff's motion to remand has now expired, with no memorandum in opposition having been filed, and based on the arguments presented to this Court, remand is warranted. Hartley v. CSX Transp., Inc., 187 F.3d 422, 425 (4th Cir. 1999)[All doubts about the propriety of removal should be resolved in favor of retaining state court jurisdiction]; PHH Mortgage Corp. v. Singletary, 2012 WL 6761336 at * 2, adopted by and incorporated into, 2013 WL 30148, * 1 [Finding that § 1441(b)(2) foreclosed Defendant's reliance on § 1332 as a basis for removal of case to Federal Court]; Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999)[To invoke fraudulent joinder doctrine, Defendants must show that there is "no possibility that the Plaintiff would be able to establish a cause of action against the in-state defendant in state court"]. Therefore, it is **recommended**[1] that Plaintiff's motion to remand be **granted**, and

---

[1] While many Courts have held that an order of removal is non-dispositive and can be issued by a United States Magistrate Judge in a non-consent case, it is not firmly established whether the undersigned can issue an order of remand, or whether a Report and Recommendation is required.
(continued...)



that this case be **remanded** to the South Carolina Court of Common Pleas for disposition.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

March 5, 2013
Charleston, South Carolina

---

[1](...continued)
Cf. Williams v. Beemiller, Inc., 527 F.3d 259 (2d Cir. 2008)[Finding that remand orders are dispositive]; Vogel v. U.S. Office Products Co., 258 F.3d 509, 514-517 (6th Cir. 2001)[same]; First Union Mortgage Co. v. Smith, 229 F.3d 992, 996-997 (10th Cir. 2000)[same]; In re U.S. Healthcare, 159 F.3d 142, 145-146 (3d Cir. 1998)[same]; Vaquillas Ranch Company v. Texaco Exploration & Production, Inc., 844 F. Supp. 1156, 1163 (S.D.Texas 1994); McDonough v. Blue Cross of Northeastern Pennsylvania, 131 F.R.D. 467 (W.D.Pa. 1990); City of Jackson v. Lakeland Lounge of Jackson, Inc., 147 F.R.D. 122, 124 (S.D.Miss. 1993); Long v. Lockheed Missiles & Space Co., 783 F.Supp. 249 (D.S.C. 1992).  Therefore, out of an abundance of caution, a Report and Recommendation, instead of an Order, is being entered.



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

